IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BARCODE INFORMATICA LIMITADA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 08 C 2021 |
| ZEBRA TECHNOLOGIES CORPORATION, et al., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Zebra Technologies Corporation's and Defendant Zebra Technologies International, LLC.'s (collectively referred to as "Zebra") motion to dismiss. For the reasons stated below, the court grants the motion to dismiss.

## BACKGROUND

Plaintiff Barcode Informatica Limitada (Barcode) is allegedly a Brazilian corporation which sells, distributes and services printers and other technical products. In 1993, Barcode allegedly began selling and distributing printers and other technical products manufactured by Zebra. Barcode allegedly purchased

1

printers from the only authorized dealer of Zebra products in Brazil.  Barcode also claims that, in 1998, it registered an internet domain name, which it used to sell Zebra's products.  Zebra also allegedly recognized that Barcode was an authorized reseller of Zebra's products.  Between 1999 and 2005, Barcode and Zebra were allegedly in a contractual relationship, under which Barcode agreed to promote, market, and sell Zebra products in Brazil at terms and prices set by Zebra, and Zebra agreed to fill the purchase orders secured by Barcode.  As part of the contractual relationship, Zebra also allegedly agreed to authorize Barcode to provide warranty, service, and technical support for the Zebra products, and to support Barcode's warranty services.

In September 2004, the Brazilian Post Office allegedly held a public bid for the Brazilian government's purchase of 4,000 mobile printers.  Barcode and its partner, Omni Servicos, Ltda. (Omni) were allegedly the successful bidders awarded the contract.  According to Barcode, the order for the printers was worth approximately $3,500,000.  Barcode alleges that in September 2004, Zebra sent a letter to the Brazilian Post Office falsely asserting that Barcode did not satisfy the technical requirements for completing the process relating to the 4,000 mobile printers identified above.  In October or November 2004, representatives from Zebra, such as Carlos Levenstein (Levenstein), allegedly met with representatives from the Brazilian Post Office and requested an annulment or alteration of the bid process to have Barcode and Omni removed as the successful bidders.  In December 2004, the Brazilian Post Office allegedly revoked the award of the bid to Barcode and Omni.

In December 2004, Barcode allegedly filed an administrative appeal with the Brazilian government and the administrative tribunal ruled against Barcode. In March 2005, Zebra allegedly sent Barcode a letter terminating its business relationship with Barcode. According to Barcode, the notice of termination did not comply with Brazilian law. (A. Compl. Par. 26). Barcode contends that since the termination of its business relationship with Zebra, Barcode has continued to honor its obligations to repair defective printers during their warranty period and perform all other necessary technical assistance services related to Zebra products, and that Zebra has not honored its obligation to compensate Barcode for such services. Also, since March 2005, Zebra has allegedly refused to sell parts to Barcode and has refused to repair printers sold by Barcode for Zebra during previous years.

Barcode includes in its amended complaint an indemnity claim (Count I), breach of contract claims (Counts II and III), a tortious interference with business expectancy claim brought under Brazilian law (Count IV), and a tortious interference with business expectancy claim brought under Illinois law (Count V). Zebra now moves to dismiss the instant action based on the doctrine of *forum non-conveniens*.

## DISCUSSION

Zebra argues that the court should dismiss the instant action based on the doctrine of *forum non conveniens*. Zebra contends that a dismissal of this action will leave Barcode with an opportunity to re-file its claims in the Brazilian courts. Under

the principle of *forum non conveniens*, "a trial court may dismiss a suit over which it would normally have jurisdiction if it best serves the convenience of the parties and the ends of justice." *Kamel v. Hill-Rom Co., Inc.*, 108 F.3d 799, 802 (7th Cir. 1997); *Abad v. Bayer Corp.*, 563 F.3d 663, 665 (7th Cir. 2009)(stating that the doctrine of *forum non conveniens* "allows a court to dismiss a suit if there are strong reasons for believing it should be litigated in the courts of another, normally a foreign, jurisdiction"); *Stroitelstvo Bulgaria Ltd. v. Bulgarian-American Enterprise Fund*, 589 F.3d 417, 421 (7th Cir. 2009)(stating that "[t]he common law doctrine of *forum non conveniens* allows a federal district court to dismiss a suit over which it would normally have jurisdiction in order to best serve the convenience of the parties and the ends of justice"). A determination of whether to dismiss an action based on *forum non conveniens* "is consigned to the trial court's sound discretion." *Kamel*, 108 F.3d at 802.

The first step in making a *forum non conveniens* determination is to assess whether there is an available and adequate alternative forum. *Id.* If there is an available and adequate alternative forum, the court can dismiss an action if "a trial in the chosen forum would result in vexation and oppression to the defendant which would far outweigh the plaintiff's convenience or when the chosen forum would generate administrative and legal entanglements for the trial court. . . ." *Id.* In making a forum non conveniens determination, a court must consider and balance "all relevant public and private interest factors. . . ." *Id.*

I. Timing of Instant Motion

Barcode argues that the court should deny Zebra's motion based on the time that elapsed in this action before Zebra filed the motion to dismiss. Barcode argues that since fact discovery has already been completed, it would not be efficient to have the parties shift this dispute to another forum at this juncture. Barcode also contends that the fact that Zebra was able to conduct fact discovery in this forum is an indication that it is not overly inconvenient to Zebra to litigate in this forum. The Seventh Circuit has indicated that the right to seek dismissal based on improper venue can be waived by an undue delay. *American Patriot Ins. Agency, Inc. v. Mutual Risk Management, Ltd.*, 364 F.3d 884, 887-88 (7th Cir. 2004)(indicating that it would not be proper for a defendant to mislead a plaintiff into believing that the defendant was not going to contest venue and stalling in order to wait and see how the action proceeds in the forum chosen by the plaintiff before filing the motion to dismiss). However, the record does not reflect in this case that Zebra purposefully delayed in filing the instant motion or engaged in any gamesmanship in seeking to have this action dismissed at this juncture. Zebra has explained how it became apparent during fact discovery that the Brazilian nexus to this action dominates this action and that the only appropriate forum in which to proceed further and conduct expert discovery would be in a Brazilian court.

Also, as explained below, rather than resulting in a waste of judicial resources, a dismissal of this action will promote the efficient resolution of this dispute. The

fact that the parties have engaged in discovery in this action does not prohibit a dismissal based on *forum non conveniens* at this juncture. The Seventh Circuit has indicated that even "after considerable pretrial discovery," the doctrine of *forum non conveniens* "allows a court to dismiss a suit if there are strong reasons for believing it should be litigated in the courts of another, normally a foreign, jurisdiction." *Abad*, 563 F.3d at 665. Zebra has shown that during fact discovery it became apparent that there is a strong reason for this dispute to be litigated in the Brazilian courts. Barcode has not pointed to any material prejudice that it will suffer if this case is dismissed and resolved in the Brazilian courts. Thus, Zebra is not foreclosed from pursuing the instant motion based on the timing of the motion.

II. Available and Adequate Alternative Forum

Zebra argues that the Brazilian courts will offer Barcode an adequate and available alternative forum.

A. Available Alternative Forum

Zebra contends that the Brazilian courts are an available alternative forum. An alternative forum is deemed to be an available forum "if all parties are amenable to process and are within the forum's jurisdiction." *Kamel*, 108 F.3d at 802. Barcode concedes that the Brazilian courts are an available alternative forum. (Ans. Dis. 8). Barcode is a Brazilian corporation and can submit itself to the jurisdiction of the

Brazilian courts by refiling its claims in those courts. Zebra indicates in the instant motion that it agrees to submit to the personal jurisdiction of the Brazilian courts if Barcode re-files its claims there. (Mem. Dis. 4). Thus, Zebra has shown that the Brazilian courts offer an available alternative forum.

### B. Adequate Alternative Forum

Zebra contends that Brazilian courts are an adequate alternative forum. An alternative forum is deemed to be an adequate forum if "the parties will not be deprived of all remedies or treated unfairly." *Kamel*, 108 F.3d at 802. In order to be adequate, an alternative forum need only "provide the plaintiff with 'a fair hearing to obtain some remedy for the alleged wrong.'" *Chang v. Baxter Healthcare Corp.*, 599 F.3d 728, 736 (7th Cir. 2010)(quoting in part *Stroitelstvo*, 589 F.3d at 421). Barcode argues that the Brazilian courts are not an adequate alternative forum since Zebra's headquarters are in the United States and any judgment obtained in the Brazilian courts will thus need to be enforced through a separate proceeding in the United States. However, as Barcode itself acknowledges, an inadequate alternative forum would be one which "is so clearly inadequate or unsatisfactory that it is no remedy at all. . . ." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981); (Ans. Dis. 8). Barcode has not shown that it would be unable to fully litigate all of its claims in the Brazilian courts and obtain a judgment on those claims. Barcode has not cited any precedent showing that it will be unable to enforce a judgment from the Brazilian

7

courts in the United States. The mere fact that Barcode will need to conduct supplementary proceedings in order to enforce any judgment does not render the Brazilian courts an inadequate alternative forum.

Barcode also argues that David Crist (Crist), Zebra's former President, resides in Illinois, and that Barcode cannot compel Crist to testify in Brazil. However, as Zebra points out, if the action were to remain in this court, other Zebra representatives, such as Levenstien, who is in Brazil and who Barcode itself references in the amended complaint, would not be subject to compulsory testimony in this district. Thus, regardless of whether this action remains in this district or is re-filed in the Brazilian courts, some material witnesses will be outside the scope of the presiding court's power to compel appearance and testimony. Finally, to the extent that Barcode's claims would be untimely if re-filed in the Brazilian courts, Zebra indicates that it will waive any statute of limitations defense that it will have under Brazilian law. (Mem. Dis. 6). Therefore, Zebra has shown that the Brazilian courts are an adequate alternative forum.

III. Barcode's Choice of Forum

Barcode argues that, as the plaintiff, its choice of forum is entitled to deference. There is a presumption in the law "in favor of allowing a plaintiff his choice of courts rather than insisting that he choose the optimal forum. . . ." *Abad*, 563 F.3d at 666. However, the presumption is limited. *See id.* (stating that the

presumption was "not so powerful a presumption as" the plaintiffs thought). While Barcode, a foreign corporation, can bring an action in the United States, this court can consider its foreign status in giving weight to its choice of forum. In *Abad*, the Seventh Circuit noted the concern of unfairness "when the rules of personal jurisdiction . . . force a plaintiff to litigate on the defendant's home turf." *Id.* However, there is no such fairness concern in this action since Barcode is not being forced to litigate on Zebra's "home turf." *Id.* Barcode is seeking in its opposition to the instant motion to keep this dispute in this district where Zebra is located. In *Abad*, as in the instant action, "the plaintiffs could have sued . . . in their own nation's courts," but instead chose to bring an action in the United States. *Id.* Thus, Barcode is not going to be forced to litigate on Zebra's "home turf" if this action proceeds in the Brazilian courts. *Id.*

In addition, generally "a plaintiff's choice of forum should rarely be disturbed" because "[w]hen the home forum has been chosen, it is reasonable to assume that this choice is convenient." *Piper Aircraft Co.*, 454 U.S. at 241. However, when the plaintiff is not a resident or citizen of the United States, "this assumption is much less reasonable" and since "the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference." *Id.* at 255-56. The fact that Barcode is a Brazilian corporation with its principal place of business in Sao Paulo, Brazil limits the deference that is to be accorded to its choice of the Northern District of Illinois as the

9

forum in which to litigate its dispute. While the court has considered the deference accorded to a plaintiff's choice of forum and given deference to Barcode's choice of forum, as explained below, when considering the totality of the record and all of the other relevant factors, a dismissal of the instant action is still warranted.

IV. Private Interests

Zebra argues that the private interests would be best served by proceeding in the Brazilian courts. For a *forum non conveniens* determination, a court must consider the private interest factors "affecting the convenience of the litigants," such as "the 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Piper Aircraft Co.*, 454 U.S. at 241 n.6 (quoting in part *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)). Zebra has shown that significant amounts of material evidence, such as documents relating to damages, are located in Brazil. Zebra has also shown that various material witnesses are located in Brazil. In addition, Zebra has explained that there are many documents that will still need to be translated into English from Portugese, if this action were to proceed in this forum. Zebra has also explained how Brazilian law and Brazilian accounting principles will be the central focus of this case. Zebra has shown that the relevant available experts will likely be in Brazil and that translators will be required for such experts if the

case proceeds in this forum. The court finds that the convenience of the parties and the private interests would clearly be best served if this dispute were resolved in the Brazilian courts.

V. Public Interests

Zebra argues that the public interests would be best served by proceeding in the Brazilian courts. For a *forum non conveniens* determination, a court must consider the public interest factors "affecting the convenience of the forum," such as the "administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft Co.*, 454 U.S. at 241 n.6 (quoting in part *Gilbert*, 330 U.S. 501).

Zebra has shown that issues of Brazilian law will predominate in the instant dispute. The Brazilian courts would clearly be the appropriate forum to resolve disputes governed by Brazilian law, and to resolve such disputes in this court would not be an efficient use of judicial resources. In addition, the Brazilian courts have a local interest in resolving a dispute involving an alleged interference with a bid made to the Brazilian Post Office and the issues that were subsequently addressed in an

11

administrative appeal in Brazil. The Brazilian courts also have a local interest in resolving a dispute dealing with the distribution and sale of printers in Brazil and the honoring of warranties on printers sold to consumers in Brazil. This court, on the other hand, does not have the degree of the local interest as the Brazilian courts in resolving such issues.

The court also notes that Zebra has also provided evidence showing that Barcode has brought a declaratory judgment action in Brazil that relates to the underlying facts in this case and that an appeal is pending in that action. Thus, the efficient administration of justice would be furthered if this dispute were resolved in the Brazilian courts instead of in this forum. Therefore, based on the above, the court grants the motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, the court grants the motion to dismiss.


_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 23, 2011